No. 3010. HILL *v.* BURGESS. April Term, 1892. This was an action commenced in a trial justice's court for the recovery of some lumber. The lumber was purchased by defendant at a sale made by a sawyer, after due advertisement, under authority conferred in an agreement made by one Bullock, tenant of plaintiff, with the sawyer, without plaintiff's knowledge or consent. Before the sale, defendant had notice of plaintiff's claim to the lumber. Judgment for plaintiff was, on appeal to the Circuit Court, affirmed. FRASER, J. Defendant appealed.

*W. H. Martin* and *F. P. McGowan,* for appellant.   *Ball, Simkins & Ball,* contra.

The court said: "The timber was the property of the plaintiff. Her tenant (Bullock) had it cut, hauled, and sawed into lumber without her knowledge or consent. We agree with the Circuit Judge, that this conduct of the tenant, without the knowledge of the plaintiff, could not estop the plaintiff from asserting her right to the property wherever found. As a rule, estoppel does not arise from the conduct of others, but from that of the party sought to be estopped.

"We also concur with the judge, that the defendant Burgess cannot be considered as a purchaser for value without notice, for, in fact, he had notice of plaintiff's claim before he sold the property. Besides, the plea of purchaser for valuable consideration is purely equitable, and cannot stand against the legal title. See *Lynch* v. *Hancock*, 14 S. C., 90.

"Nor do we think that Brown, the sawyer, could, as against Mrs. Hill, the owner, set up any mechanic's or other lien stipulated for by agreement with Bullock, who was not the legal owner of the property, and could make no binding agreement about it. 'In order to charge a chattel with a mechanic's lien, the labor for which the lien is claimed must have been done at the request of the owner, or under circumstances from which his assent can be reasonably implied.' 13 Am. & Eng. Enc. Law, 591, and see cases in the notes, especially that of *Clark* v. *Hale*, 34 Conn., 398."

Judgment affirmed. OPINION by MR. JUSTICE MCGOWAN, September 29, 1892.